[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 12-11079
Non-Argument Calendar

_____

D.C. Docket No. 1:11-cv-01047-CAP

JOHNNY TRAYLOR,
a member of that Class of Disabled Persons,
entitled to equal protection of the law, under
Title VII of the Civil Rights Act of 1968, as
amended, the Fair Housing Act (the Act),

Plaintiff-Appellant,

versus

PARTNERSHIP TITLE COMPANY, LLC,
KIRSTEN MILLER HOWARD,
in her capacity as Closing Attorney for Wells
Fargo Bank, N.A.; in State of Georgia Administrator's
Deed dated 4/2/08; Deed Book 20916, page 503;
and in State of Georgia Security Deed/FHA Case
No. 105-3788211, dated 6/20/08,
ANDREW DEAN MANSUKKHANI,
in his capacity as Administrator for
the Estate of Ernestine Lavelle Petty, et al.,
WELLS FARGO BANK, N.A.,
JOHN STUMPF,
in his capacity as CEO of Wells Fargo Bank, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(October 17, 2012)

Before CARNES, WILSON and HILL, Circuit Judges.

PER CURIAM:

Johnny Traylor, proceeding *pro se*, appeals the district court's dismissal for failure to state a claim of his complaint, which alleged fraud in violation of 42 U.S.C. § 1981; the Fair Housing Act ("FHA"), 42 U.S.C. § 3601 *et seq.*; the Thirteenth and Fourteenth Amendments; the Georgia Residential Mortgage Act ("GRMA"), Ga. Code. Ann. § 7-1-1000 *et seq.*; 18 U.S.C. § 657; 18 U.S.C. § 1010; 38 U.S.C. § 5301; and the mail fraud statute, 18 U.S.C. § 1341. Liberally construed, Traylor asserts that the district court erred in dismissing his complaint because defendant Partnership Title Company, LLC, through its attorney, refused to participate in a Fed.R.Civ.P. 26(f) settlement conference. He additionally argues that he provided notice below that the district court judge should disqualify himself, pursuant to 28 U.S.C. § 455(a), because his impartiality might reasonably be questioned.

As a preliminary matter, Traylor has abandoned two of the stated issues in

2

his appellate brief, which concern the appropriate standard of review and whether the district court sanctioned a violation of 18 U.S.C. § 657, by failing to brief these issues.  *See Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008).

We review *de novo* the grant of a motion to dismiss under Fed.R.Civ.P. 12(b)(6), accepting the allegations in the complaint as true and construing them in the light most favorable to the plaintiff.  *Speaker v. U.S. Dep't of Health & Human Servs.*, 623 F.3d 1371, 1379 (11th Cir. 2010).

We review for an abuse of discretion a district court judge's refusal to recuse pursuant to 28 U.S.C. § 455(a).  *Diversified Numismatics, Inc. v. City of Orlando*, 949 F.2d 382, 384-85 (11th Cir. 1991).  The relevant inquiry is "whether an objective, disinterested, lay observer fully informed of the facts underlying the grounds on which recusal was sought would entertain a significant doubt about the judge's impartiality."  *Id*. at 385.  Generally, absent a showing of pervasive bias and prejudice, a judge's rulings in the same or a related case may not serve as the basis for a recusal motion.  *McWhorter v. City of Birmingham*, 906 F.2d 674, 678-79 (11th Cir. 1990).

Under the federal rules of civil procedure, a complaint must contain a short and plain statement of the claim showing that the plaintiff is entitled to relief.  Fed.R.Civ.P. 8(a)(2).  In order to avoid dismissal, a complaint must allege enough

3

facts to state a claim to relief that is plausible on its face and that rises above the speculative level.  *Speaker*, 623 F.3d at 1380 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570, 127 S.Ct. 1955, 1964-65, 1974, 167 L.Ed.2d 929 (2007)).  A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id*. (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quotations omitted).  The plausibility standard requires that a plaintiff allege sufficient facts to nudge his "claims across the line from conceivable to plausible."  *Twombly*, 550 U.S. at 570, 127 S.Ct. at 1974.  Finally, *pro se* pleadings receive a liberal construction, but a fraud complaint must allege the details, timing, and participants in the allegedly fraudulent acts.  *Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008); *Am. United Life Ins. Co. v. Martinez*, 480 F.3d 1043, 1064 (11th Cir. 2007).

Upon review of the record and consideration of the parties' briefs, we affirm.

Here, we conclude that the district court did not err in dismissing Traylor's complaint for failure to state a claim.  In his complaint, Traylor asserted that he was defrauded by the defendants in violation of various civil and criminal laws, but he did not allege sufficient facts regarding this fraud to render his claims

coherent, let alone plausible.  *Cf. Twombly*, 550 U.S. at 570, 127 S.Ct. at 1974. Traylor's complaint did not allege facts sufficient to determine even how he was harmed or what misconduct occurred, and it certainly did not allege facts that would enable a court to draw the reasonable inference that the defendants were liable for any alleged misconduct.  *See Speaker*, 623 F.3d at 1380.  Additionally, Traylor has not demonstrated how Partnership Title's alleged refusal to participate in a settlement conference establishes error on the part of the district court in dismissing his complaint for failure to state a claim.  Finally, to the extent Traylor is asserting that the district court's order should be reversed because of the district court judge's refusal to recuse under 28 U.S.C. § 455(a), Traylor has not shown that a lay observer would have any doubt regarding the judge's impartiality.  *See Diversified Numismatics, Inc.*, 949 F.2d at 384-85; *McWhorter*, 906 F.2d at 678.

   **AFFIRMED.**

5